```
 1                  IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF SOUTH CAROLINA
 2                          SPARTANBURG DIVISION

 3      UNITED STATES OF AMERICA,     )   CR. NO. 7:24-CR-281
                                      )   GREENVILLE, SC
 4                                    )   JUNE 25, 2024
                                      )
 5           VERSUS                   )
                                      )
 6      MELVIN ANTONIO                )
        EUGENE MAXWELL,               )
 7                                    )
                     DEFENDANT.       )
 8      _____)

 9           BEFORE THE HONORABLE HENRY M. HERLONG
            UNITED STATES SENIOR DISTRICT COURT JUDGE
10                   CHANGE OF PLEA HEARING

11      APPEARANCES:

12      FOR THE GOVERNMENT:     MAXWELL B. CAUTHEN, AUSA
                                UNITED STATES ATTORNEY'S OFFICE
13                              55 BEATTIE PLACE
                                SUITE 700
14                              GREENVILLE, SC  29601

15      FOR THE DEFENDANT:      BENJAMIN T. STEPP, AFPD
                                FEDERAL PUBLIC DEFENDER'S
16                                OFFICE
                                TWO LIBERTY SQUARE
17                              75 BEATTIE PLACE
                                SUITE 950
18                              GREENVILLE, SC  29601

19      COURT REPORTER:         DEBRA R. BULL, RPR, CRR
                                UNITED STATES COURT REPORTER
20                              315 SOUTH MCDUFFIE STREET
                                ANDERSON, SC  29624
21

22
              STENOTYPE/COMPUTER-AIDED TRANSCRIPTION
23                   *** *** *** *** ***

24

25
```

```
 1        (Whereupon, the hearing commenced at 9:59 a.m.)
 2              THE COURT:   Thank you, be seated, please.
 3                You may call the case.
 4              MR. CAUTHEN:  May it please the Court, Your
 5       Honor.  Judge, we are here this morning on case number
 6       7:24-281, United States versus Melvin Antonio Eugene
 7       Maxwell.  He is pleading guilty to his Indictment with
 8       -- under a conditional guilty plea and he is represented
 9       by Mr. Ben Stepp.
10              THE CLERK:  Please raise your right hand.
11              MELVIN ANTONIO EUGENE MAXWELL, having been first
12       duly sworn, testified as follows:
13                                EXAM
14  BY THE COURT:
15   Q.      Mr. Maxwell, have you had enough time to discuss
16       this matter with your attorney?
17   A.      Yes, sir.
18   Q.      Are you satisfied thus far with the representation
19       of your attorney?
20   A.      Yes, sir.
21   Q.      Do you have any complaints of your attorney or
22       anyone else in connection with this case?
23   A.      I don't understand what you mean.
24   Q.      Do you have any complaints of your attorney or
25       anyone else in connection with this case?
```

```
 1   A.       No, sir.
 2   Q.       Okay.
 3            What is your full name?
 4   A.       Melvin Antonio Eugene Maxwell.
 5   Q.       And how old are you?
 6   A.       Thirty-nine years old.
 7   Q.       How far did you go in school?
 8   A.       Got a GED.
 9   Q.       Have you ever been treated for any type of mental
10       condition?
11   A.       No, sir.
12   Q.       This morning, are you under the influence of any
13       type of alcohol, drug, or medicine?
14   A.       No.
15            THE COURT:  Mr. Stepp, do you have any question
16       as to his competence?
17            MR. STEPP:  No, Your Honor.
18            THE COURT:  I will be going over this guilty plea
19       with you.  I will be advising you of what your rights
20       are in connection with a jury trial and the fact that
21       you are giving up your right to a jury trial by pleading
22       guilty.  This is what we call a conditional guilty
23       plea.  What that means is it is a guilty plea like any
24       other guilty plea except, under these circumstances with
25       the consent of the Government and with the consent of
```

1    the Court, you are allowed to plead guilty but maintain
2    your right to appeal the Court's ruling in the
3    suppression hearing that we had the other day.  You can
4    raise that issue with the Court of Appeals, and if the
5    Court of Appeals rules in your favor, then that evidence
6    would not be allowed -- and I don't know if the
7    Government has taken a position on this,  but it is more
8    than likely that would be the end of the case?
9            MR. CAUTHEN:  Possibly,  Your Honor; I haven't
10   thought that far ahead, to be honest.
11           THE COURT:  Right.  But you would have a chance,
12   that evidence, which your attorney pursued with the
13   Motion to Suppress,  if my decision is reversed,  that
14   evidence would not be allowed and you would have a
15   chance to be acquitted.
16           MR. STEPP:  Judge, I think the rule says if the
17   Court of Appeals reverses the District Court ruling that
18   the Defendant would have a right to withdraw his plea.
19   And then it just goes from there.
20           THE COURT:   I think that is correct.   I
21   appreciate you pointing that out, then this plea would
22   not be binding and then we could proceed,  that is a
23   better understanding.   We rarely do these and that is
24   why it is an unusual circumstance.
25

```
 1                     EXAM CONTINUED
 2  BY THE COURT:
 3  Q.      You would not be  -- if the Court of Appeals
 4      agreed with your position that that evidence should have
 5      been suppressed and then you would not be bound by the
 6      guilty plea and proceed from there; do you understand?
 7  A.      Yes, sir.
 8  Q.      But with the understanding that you wish to appeal
 9      that issue,  which you will have the right to do because
10      this is a conditional plea,  if the Court of Appeals
11      rules against you,  then you would be bound by the
12      sentence that you will receive and the imposition of
13      guilt on this charge; do you understand that?
14  A.      Yes, sir.
15  Q.      Now,  I am going to go through my advice to you on
16      what it means by pleading guilty and what you are giving
17      up by way of a jury trial.  And during this proceeding
18      this morning,  if anything I say or ask of you which is
19      unclear to you, you could make that known to the Court
20      and the Court will explain it further.  And during this
21      proceeding,  you have the right to stop and confer with
22      your attorney at any time that you have a question; do
23      you understand that?
24  A.      Yes, sir.
25  Q.      The Indictment charges in Count 1 that on or about
```

```
 1         November 27th, 2023, in the District of South Carolina,
 2         that you knowingly -- did knowingly possess a firearm,
 3         which had been shipped and transported in interstate and
 4         foreign commerce, that is a Llama .45 caliber pistol,
 5         you having been previously convicted of a crime
 6         punishable by imprisonment for a term exceeding one year
 7         and knowing that you had been convicted of such a crime.
 8         Do you understand what you are charged with in Count 1
 9         of the Indictment?
10   A.    Yes, sir.
11   Q.    The elements of this offense are as follows:
12         That you had previously been convicted in a court of a
13         crime punishable by imprisonment for a term exceeding
14         one year; that you had previously been convicted  --
15         that you knew you had previously been convicted in a
16         court of a crime punishable by imprisonment for a term
17         exceeding one year; that after this conviction you
18         knowingly possessed the firearm and ammunition described
19         in the Indictment; and the possession was in or
20         affecting commerce because the firearm and ammunition
21         had travelled in interstate or foreign commerce at some
22         point during their existence.  Those are the basic
23         elements of the -- Count 1 of the Indictment, felon in
24         possession; do you understand those elements?
25   A.    Yes, sir.
```

1  Q.      The statute provides for a maximum sentence of ten
2          years and/or a fine of $250,000, supervised release of
3          up to three years, and a Special Assessment of $100; do
4          you understand that?
5  A.      Yes, sir.
6          MR. CAUTHEN: Your Honor, may I interrupt --
7          THE COURT: Yes.
8          MR. CAUTHEN: -- please, sir? That is an error on
9          my part. It should be imprisonment for not more than
10         fifteen years; it is not a mandatory, this offense
11         occurred after the law changed, so it would be up to
12         fifteen years; the rest of the penalties remain the
13         same.
14                          EXAM CONTINUED
15 BY THE COURT:
16 Q.      I am informed, I will correct what I said to you
17         as far as the sentencing provisions, it is imprisonment
18         for not more than fifteen years; do you understand that?
19 A.      Yes, sir.
20 Q.      Count 2 charges that on or about November 27th,
21         2023, in the District of South Carolina, that you
22         knowingly, intentionally, and unlawfully possessed a
23         quantity of cocaine base, commonly known as crack
24         cocaine, and that they are both -- and coke, excuse me,
25         a quantity of cocaine base and cocaine, both Scheduled

```
 1         Two controlled substances.  That is what you are
 2      charged with in Count 2; do you understand that?
 3   A.      Yes, sir.
 4   Q.      The elements of this offense are as follows:  That
 5      you knowingly and intentionally possessed the controlled
 6      substance described in the Indictment; that at the time
 7      of such possession, you knew that the substance you
 8      possessed were controlled substances; and that you did
 9      not possess the controlled substances pursuant to a
10      valid prescription or order, those are the basic
11      elements; do you understand that?
12   A.      Yes, sir.
13   Q.      For this Count 2, the statute provides for a
14      maximum sentence of one year imprisonment, a fine of
15      1 million dollars, and a Special Assessment of $100.
16           MR. CAUTHEN:  That is $1,000, Your Honor.
17           THE COURT:   I'm sorry, you are right.
18                        EXAM CONTINUED
19 BY THE COURT:
20   Q.      The sentencing provision is a maximum penalty of
21      one year imprisonment, a fine of $1,000, and a Special
22      Assessment of $100; do you understand that?
23   A.      Yes, sir.
24   Q.      As to each of these Counts, understanding what you
25      are charged with, what the elements of the offenses
```

1     are, and what the statutory sentencing provisions could
2     be, do you still wish to plead guilty?
3  A.    Yes, sir.
4  Q.    Although you are offering to plead guilty, you
5     are still presumed innocent. You have the right to a
6     jury trial, and at a jury trial you would be presumed
7     innocent throughout the trial. The burden of proof
8     would be on the Government to prove your guilt beyond a
9     reasonable doubt. The Government would have to do that
10    by calling witnesses or introducing any other relevant
11    evidence into the case. And if the Government called
12    any witnesses, you would have the right to
13    cross-examine those witnesses. You would be entitled
14    to representation by your attorney throughout the trial.
15    Your attorney would represent you throughout the trial.
16          And during the trial, after the Government
17    presents its evidence, you would have the right, if
18    you chose to do so, to testify, but you would not be
19    required to testify because a defendant has the right to
20    remain silent during a trial and not testify, and the
21    jury would be instructed that if a defendant chose to
22    remain silent and not testify, that fact could not be
23    held against you. You could call witnesses in your
24    defense, you could introduce any other relevant
25    evidence in your defense, but you would not be required

```
 1      to call any witnesses or to testify or to produce any
 2      evidence because, as I said earlier, the burden of
 3      proof is always on the Government to prove a defendant
 4      guilty beyond a reasonable doubt and a defendant does
 5      not have to prove his innocence.
 6              You would be entitled to a jury trial, and
 7      before you could be found guilty, the verdict of the
 8      jury would have to be unanimous, which means each and
 9      every juror would have to be convinced of your guilt
10      beyond a reasonable doubt.
11              Furthermore, the jury would be instructed that
12      if the Government failed in its burden of proof, the
13      jury would be required to find you not guilty.
14              Those are certain rights that you have in
15      connection with the jury trial; do you understand those
16      rights?
17 A.      Yes, sir.
18 Q.      Understanding that, do you still wish to plead
19      guilty?
20 A.      Yes, sir.
21 Q.      And do you understand that by pleading guilty you
22      are giving up those rights in connection with a jury
23      trial?
24 A.      Yes, sir.
25 Q.      Has anyone threatened, forced, or coerced you in
```

```
 1        any way to get you to plead guilty?
 2   A.        No, sir.
 3   Q.        Are you pleading guilty because you are guilty?
 4   A.        Yes, sir.
 5   Q.        Has anyone, including your attorney, promised
 6        you what your actual sentence will be?
 7   A.        No, sir.
 8   Q.        We have sentence guidelines in Federal Court.
 9        Following a plea of guilty, the United States Probation
10        office will prepare a Presentence Report for the Court,
11        and in that Presentence Report, among other things,
12        there will be a guideline calculation that applies in
13        your case.  Once the Report is finalized, you will
14        get-- you and your attorney are given a copy of the
15        Report, the Government is given a copy of the Report
16        and if there are any objections in the Report, which
17        could not be resolved, you would be entitled to a
18        hearing before the Court to resolve any objections.
19        The Court is required to consider the guideline range
20        that applies in your case, but the guidelines are
21        advisory only and the Court may impose a sentence which
22        is more severe or less severe than that called for by
23        the guidelines; do you understand that?
24   A.        Yes, sir.
25   Q.        I further tell you that if you are sentenced to a
```

```
 1      term of imprisonment, you will also be sentenced to an
 2      additional term of supervised release.  And should you
 3      violate any conditions of the supervised release, you
 4      could be sentenced to an additional term of
 5      imprisonment; do you understand that?
 6  A.      Yes, sir.
 7          THE COURT:  At this time I will ask the
 8      Government to summarize the facts in your case.  Listen
 9      carefully, when the Government finishes summarizing, I
10      will ask you whether you agree with those facts and
11      whether you are, in fact, guilty.
12          All right, sir.
13          MR. CAUTHEN:  May it please the Court.
14          Your Honor, on November 27th of 2023, on
15      Highway I-85 in Spartanburg County, Deputy Dorset
16      observed a vehicle being driven by the Defendant, who
17      was continually riding in the far left lane of the
18      highway, which is referred to as the passing lane.
19      Other vehicles would come up behind his car, have to
20      change lanes, go around him to get back over.  So
21      after watching him drive in the passing lane for some
22      distance, the deputy then initiated his blue lights to
23      pull Mr. Maxwell over.
24          Mr. Maxwell immediately began to pull over and
25      change lanes, but in doing so did not use a turn signal.
```

1     He then pulled on over to the shoulder the interstate.
2              As Deputy Dorset approached his vehicle, they
3     had a conversation about his riding in the passing lane.
4     Mr. Maxwell was cooperative, provided his information.
5     Also that it was a rental car that he was in and he was
6     heading back to North Carolina, I believe, he
7     indicated.  The deputy was going -- was preparing
8     tickets to issue him, when he came back to the car, he
9     indicated to Mr. Maxwell that he would like for him to
10    get out of the car to talk with him because he smelled
11    the odor of marijuana emanating from the car.
12    Mr. Maxwell disagreed with that, and after a short
13    period of time put his car back in drive and sped off
14    from the stop.
15             He went up the interstate a distance and got off
16    on Highway 290, we refer to as Highway 290 there in
17    Duncan and took a right where he started to turn into a
18    QT gas station, lost control of his vehicle, and
19    wrecked.  He then got out and ran on foot.  Deputy
20    Dorset and other officers, who had responded to the
21    scene, pursued him and were able to catch him on foot.
22    They walked him back to his vehicle.  Deputy Dorset
23    then searched the vehicle based upon the odor of
24    marijuana coming from it, also notified the rental
25    company -- was notified that the car was wrecked and

```
 1        they were going to conduct an inventory search pursuant
 2        -- before it was towed off.
 3              In doing the search, they found in a backpack
 4        two digital scales, the .45 caliber pistol that was
 5        contained in the Indictment, and it was painted such
 6        that you could not see the serial number.  They also
 7        recovered a quantity of crack cocaine, and cocaine, and
 8        some marijuana.  It was only 1.39 grams of cocaine and
 9        1.89 grams of marijuana.
10              ATF responded to the scene and Special Agent
11        Mercer went to the detention center after he was taken
12        into custody and met with Mr. Maxwell, advised him of
13        his Miranda rights, he indicated he understood those
14        and agreed to speak with the agents.  And I believe the
15        other agent was David Pate.  Mr. Maxwell was
16        cooperative, he indicated that he had gotten the
17        pistol, that it was his and that he had painted it
18        because that is what he prefers to do with his pistols.
19              Prior to that date, Your Honor, he had been
20        convicted of a crime for which he could have received
21        more than a year in prison and did, in fact, receive
22        more than a year in prison in 2011 in Federal Court in
23        North Carolina for felon in possession of a firearm, and
24        then again in 2017 in Federal Court in North Carolina
25        for felon in possession of a firearm.  He has not
```

```
 1      received a pardon.
 2              When ATF performed an examination of the pistol,
 3      they were able to recover the serial number from it,
 4      they just used some chemicals to dilute the paint.  They
 5      determined the pistol was manufactured outside of the
 6      state of South Carolina and, therefore, had travelled
 7      in interstate commerce to reach South Carolina.
 8                          EXAM CONTINUED
 9  BY THE COURT:
10  Q.      Mr. Maxwell, having heard that summary by the
11      Government, do you agree with it?
12  A.      Not with the stop I don't.
13  Q.      Pardon?
14  A.      Not with the stop I don't.  That is not how that
15      went, but the rest of the stuff, I agree with that.
16              MR. STEPP:  On the part regarding the car stop on
17      the side of the road, the Government's recitation was
18      essentially what the Court heard, what we all heard last
19      week.
20              THE COURT:  I understand he disputes that, but he
21      does not dispute the fact that he was in possession of
22      the pistol knowing that he was a convicted felon,
23      knowing that he was not allowed to have the weapon and
24      the ammunition, and he doesn't dispute the fact that he
25      was in possession of that quantity of drugs as set forth
```

```
 1      in Count 2?
 2              MR. STEPP:  Do you agree with that?
 3              THE WITNESS:  I agree with that.
 4                           EXAM CONTINUED
 5   BY THE COURT:
 6    Q.      And did you, as charged in the Indictment, as
 7       charged in Count 1 of the Indictment,  unlawful to
 8       possess a firearm, which had been shipped in interstate
 9       commerce, you having been previously convicted of a
10       crime punishable by imprisonment to a term exceeding one
11       year and knowing that you had been convicted as is fully
12       set forth and alleged in Count 1 of the Indictment?
13    A.      Yes, sir.
14    Q.      And did you, as charged in count 2 of the
15       Indictment, on or about November 27th, 2023, in the
16       District of South Carolina,  knowingly possess a
17       quantity of crack cocaine and cocaine as is fully set
18       forth and alleged in the Indictment?
19    A.      Yes, sir.
20    Q.      And are you guilty of Counts 1 and 2 of the
21       Indictment?
22    A.      Yes, sir.
23              THE COURT:  You may sign your plea at this time.
24              (Defendant complies.)
25              THE COURT:  The Clerk may publish.
```

```
 1         THE CLERK:  May it please the court.  The
 2   Defendant, Melvin Antonio Eugene Maxwell, has withdrawn
 3   his plea of not guilty and has entered a plea of guilty
 4   as to Counts 1 and 2 of the Indictment after arraignment
 5   in open Court.
 6         THE COURT:  It is the finding of the Court in the
 7   case just published that the Defendant is fully
 8   competent and capable of entering an informed plea, his
 9   plea of guilty is a knowing and voluntary plea supported
10   by an independent basis in fact containing each of the
11   essential elements of the two Counts in the Indictment.
12   He is now adjudged guilty of Counts 1 and 2 of the
13   Indictment and his plea of guilty is accepted.
14           That is all until sentencing, thank you.
15         MR. CAUTHEN:  Thank you, Your Honor.
16         MR. STEPP:  Judge, may I take up a matter of bail
17   with the Magistrate?
18         THE COURT:  As I ruled the other day, and
19   especially since he has entered a plea of guilty, under
20   the circumstances of his record of which I am familiar
21   with and what I have heard today, I don't think that he
22   should be allowed to be out on bail and he should remain
23   in custody.
24           Thank you.
25         MR. CAUTHEN:  Your Honor, is it your finding,
```

```
 1     simply for the record, that he presents a potential
 2     danger to the community and a possible flight risk.
 3          THE COURT:   Both of those.
 4          MR. CAUTHEN: Yes, sir.  Thank you, sir.
 5          MR. STEPP:  Judge,  he has been in compliance with
 6     his bond since he was put on bond,  and since the state
 7     and the people in North Carolina altered his supervised
 8     release conditions and he has had surgery back in April,
 9     he was supposed to continue on rehab on the surgery,  in
10     fact he had -- the medical reports I see show that he
11     was supposed to be scheduled for another follow up on
12     rehab tomorrow.  If he doesn't get these things over a
13     period of time, then the surgery that he had on his
14     shoulder will not -- and the rehab -- if he doesn't get
15     rehab, he tells me, the surgery that they did will
16     freeze up and he may have to have all of this stuff
17     redone again.
18          THE COURT:   Has he been to physical therapy
19     already?
20          THE DEFENDANT:   I have been to two classes.   I
21     still got --
22          THE COURT:   And they gave you some exercises to
23     do?
24          THE DEFENDANT:   No, they have just been doing
25     them with me.
```

```
 1              THE COURT:   They told you how to do them?
 2              THE DEFENDANT:   They are just showing me how to
 3     do them, doing it with balls and stuff like that on the
 4     wall.   The doctor, like, I even self-surrendered, they
 5     told me to turn myself in.   Nobody had to pick me up.
 6              THE COURT:   I am saying when you went to the
 7     physical therapy following -- you had surgery on your
 8     shoulder?
 9              THE WITNESS:   Yes.
10              THE COURT:   When was that?
11              THE WITNESS:   That was April 24th.
12              THE COURT:   Okay.  And following the surgery,
13     you went two times to physical therapy.
14              THE DEFENDANT:   I went two times, that is when
15     they scheduled that.
16              THE COURT:   You should follow up and do the
17     exercises that they told you to do, but I am going to
18     deny his request for bond under the circumstances --
19     totality of the circumstances as to he is now convicted
20     -- he is now a recently convicted felon -- out-of-state
21     felon, who I find, under the circumstances, is not
22     entitled to bond as the question was asked as to a
23     flight risk and a danger to the community.   He
24     obviously doesn't adhere and the fact that he is a
25     prohibited person to possess a firearm doesn't mean
```

```
 1     anything, he still possessed a firearm.  I believe you
 2     said he had two previous convictions of felon in
 3     possession?
 4             MR. CAUTHEN:  Yes, sir.
 5             THE COURT:  This will be the third?
 6             MR. CAUTHEN:  Yes, sir.
 7             THE COURT:  Okay.  That is all.  We stand
 8     adjourned.
 9         (Whereupon, the hearing concluded at 10:25 a.m.)
10             *** END OF REQUESTED TRANSCRIPT ***
11         *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *
12                     CERTIFICATE OF REPORTER
13         I certify that the foregoing is a correct
14     transcript from my stenographic notes in the
15     above-entitled matter.
16
17
18
19
20       S/Debra R. Bull, RPR, CRR      January 5, 2025
                                          Date
21
22
23
24
25
```